<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

JOSEPH WILLIAMS,                    :
                                    :    Civil Action No. 08-3377 (WJM)
              Plaintiff,            :
                                    :
           v.                       :    **OPINION**
                                    :
JEREMIAH T. HEALY, et al.,          :
                                    :
              Defendants.           :

**APPEARANCES:**

Plaintiff <u>pro</u> <u>se</u>
Joseph Williams
Administrative Close Segregation Unit
East Jersey State Prison
Lockbag R
Rahway, NJ 07065

**MARTINI**, District Judge

       Plaintiff Joseph Williams, a prisoner confined at East

Jersey State Prison in Rahway, New Jersey, seeks to bring this

action <u>in</u> <u>forma</u> <u>pauperis</u> pursuant to 42 U.S.C. § 1983, alleging

violations of his constitutional rights.  Based on his affidavit

of indigence and the absence of three qualifying dismissals

within 28 U.S.C. §1915(g), the Court will grant Plaintiff's

application to proceed <u>in</u> <u>forma</u> <u>pauperis</u> pursuant to 28 U.S.C.

§ 1915(a) and order the Clerk of the Court to file the Complaint.

       At this time, the Court must review the Complaint to

determine whether it should be dismissed as frivolous or

malicious, for failure to state a claim upon which relief may be

granted, or because it seeks monetary relief from a defendant who is immune from such relief.

## I. <u>BACKGROUND</u>

The following factual allegations are taken from Plaintiff's Complaint and are accepted as true for purposes of this review.

Plaintiff alleges that on or about July 6, 2006, as he walked toward his home, Defendant Officers Michael Hurlings and John Doe approached Plaintiff from the rear, slammed him against the wall of his building, twisted his arm behind his back, handcuffed him, and then "unlawfully searched and seized the Plaintiff and his property." Plaintiff alleges that Defendant Officers Michael Hurlings and John Doe arrested him without probable cause.

Plaintiff alleges that Jersey City Police Department Defendant Officers Michael Hurlings, John Doe, and Jane Doe "abused their badge of authority" by taking control of Plaintiff and his possessions.

Plaintiff alleges that Defendant Officers Michael Hurlings and John Doe filed false police reports about Plaintiff. Plaintiff alleges that Defendant Officers Michael Hurlings, John Doe, and Jane Doe acted "in concert and conspiracy" to deprive Plaintiff of his constitutional rights and that none of them took action to stop the others from committing violations of Plaintiff's constitutional rights.

Finally, Plaintiff alleges that on or about August 22, 2006, Defendant Michael Hurlings, with the aid of Defendant Assistant Prosecutor Leonardo Rinaldi, gave false testimony before a Grand Jury panel to secure an indictment against Plaintiff.

Plaintiff names as an additional defendant Jersey City Mayor Jeremiah T. Healy. However, Plaintiff makes no factual allegations against Mayor Healy.

Plaintiff seeks unspecified declaratory and injunctive relief and compensatory damages.

## II.   STANDARDS FOR A SUA SPONTE DISMISSAL

This Court must dismiss, at the earliest practicable time, certain in forma pauperis and prisoner actions that are frivolous, malicious, fail to state a claim, or seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2) (in forma pauperis actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from a governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions).

In determining the sufficiency of a pro se complaint, the Court must be mindful to construe it liberally in favor of the plaintiff. Haines v. Kerner, 404 U.S. 519, 520-21 (1972); United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992). The Court must "accept as true all of the allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them

3

in the light most favorable to the plaintiff." Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997).

A complaint must plead facts sufficient at least to "suggest" a basis for liability. Spruill v. Gillis, 372 F.3d 218, 236 n.12 (3d Cir. 2004). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" Erickson v. Pardus, 127 S.Ct. 2197, 2200 (2007) (citations omitted).

> While a complaint ... does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do, see Papasan v. Allain, 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986) (on a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation"). Factual allegations must be enough to raise a right to relief above the speculative level ... .

Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1964-65 (2007) (citations omitted). See also Morse v. Lower Merion School Dist., 132 F.3d at 906 (a court need not credit a pro se plaintiff's "bald assertions" or "legal conclusions").[1]

---

[1] The allegation against Defendant Officer Jane Doe, who is not alleged to have participated in Plaintiff's arrest, that she, along with Defendant Officers Michael Hurlings and John Doe, "abused their badge of authority by unlawfully taking complete control over the Plaintiff and his possessions," is insufficient to raise Plaintiff's claimed right to relief above the speculative level. Accordingly, any such claim for abuse of authority must be dismissed.

A complaint is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989) (interpreting the predecessor of § 1915(e)(2), the former § 1915(d)). The standard for evaluating whether a complaint is "frivolous" is an objective one. Deutsch v. United States, 67 F.3d 1080, 1086-87 (3d Cir. 1995).

Where a complaint can be remedied by an amendment, a district court may not dismiss the complaint with prejudice, but must permit the amendment. Denton v. Hernandez, 504 U.S. 25, 34 (1992); Grayson v. Mayview State Hospital, 293 F.3d 103, 108 (3d Cir. 2002) (dismissal pursuant to 28 U.S.C. § 1915(e)(2)); Shane v. Fauver, 213 F.3d 113, 116-17 (3d Cir. 2000) (dismissal pursuant to 42 U.S.C. § 1997e(c)(1)); Urrutia v. Harrisburg County Police Dept., 91 F.3d 451, 453 (3d Cir. 1996).

In addition, a complaint must comply with the Federal Rules of Civil Procedure. Rule 8(a)(2) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Rule 10(b) provides:

> A party must state its claims ... in numbered paragraphs, each limited as far as practicable to a single set of circumstances. ... If doing so would promote clarity, each claim founded on a separate transaction or occurrence ... must be stated in a separate count or defense.

Rule 20(a)(2) controls the permissive joinder of defendants in pro se prisoner actions as well as other civil actions.

5

> Persons ... may be joined in one action as defendants if:
>> (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
>> (B) any question of law or fact common to all defendants will arise in the action.

(emphasis added). See, e.g., Pruden v. SCI Camp Hill, 252 Fed.Appx. 436 (3d Cir. 2007); George v. Smith, 507 F.3d 605 (7th Cir. 2007).

### III.   SECTION 1983 ACTIONS

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ... .

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988); Piecknick v. Pennsylvania, 36 F.3d 1250, 1255-56 (3d Cir. 1994).

IV.   <u>ANALYSIS</u>

A.   <u>Claims Against Mayor Healy</u>

Local government units and supervisors are not liable under § 1983 solely on a theory of <u>respondeat superior</u>.  <u>See</u> <u>City of Oklahoma City v. Tuttle</u>, 471 U.S. 808, 824 n.8 (1985); <u>Monell v. New York City Department of Social Services</u>, 436 U.S. 658, 690-91, 694 (1978) (municipal liability attaches only "when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury" complained of); <u>Natale v. Camden County Correctional Facility</u>, 318 F.3d 575, 583-84 (3d Cir. 2003).  "A defendant in a civil rights action must have personal involvement in the alleged wrongs, liability cannot be predicated solely on the operation of <u>respondeat superior</u>. Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence." <u>Rode v. Dellarciprete</u>, 845 F.2d 1195, 1207 (3d Cir. 1988) (citations omitted).  <u>Accord</u> <u>Robinson v. City of Pittsburgh</u>, 120 F.3d 1286, 1293-96 (3d Cir. 1997); <u>Baker v. Monroe Twp.</u>, 50 F.3d 1186, 1190-91 (3d Cir. 1995).

As the claim(s) against Mayor Healy appear to be based solely upon an untenable theory of vicarious liability, they will be dismissed with prejudice.

B.   <u>Excessive Force</u>

The Fourth Amendment to the United States Constitution provides that "The right of the people to be secure in their persons ... against unreasonable searches and seizures, shall not be violated."

"To state a claim for excessive force as an unreasonable seizure under the Fourth Amendment, a plaintiff must show that a 'seizure' occurred and that it was unreasonable." <u>Brower v. County of Inyo</u>, 489 U.S. 593, 599 (1989), <u>quoted in</u> <u>Abraham v. Raso</u>, 183 F.3d 279, 288 (3d Cir. 1999). <u>See also</u> <u>Graham v. Connor</u>, 490 U.S. 386, 395 (1989) ("all claims that law enforcement officers have used excessive force--deadly or not--in the course of an arrest, investigatory stop, or other 'seizure' of a free citizen should be analyzed under the Fourth Amendment and its 'reasonableness' standard").

A seizure triggering Fourth Amendment protection occurs when a government actor "by means of physical force or show of authority, has in some way restrained the liberty of a citizen." <u>Terry v. Ohio</u>, 392 U.S. 1, 19 n.16 (1968).

To determine the reasonableness of a seizure, a court "must balance the nature and quality of the intrusion on the individual's Fourth Amendment interests against the importance of the governmental interests alleged to justify the intrusion." <u>United States v. Place</u>, 462 U.S. 696, 703 (1983), <u>quoted in</u>

8

Tennessee v. Garner, 471 U.S. 1, 8 (1985) and Graham v. Connor, 490 U.S. 386, 396 (1989).  Proper application of this objective reasonableness standard "requires careful attention to the facts and circumstances of each particular case, including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight."  Graham v. Connor, 490 U.S. at 396; quoted in Groman v. Township of Manalapan, 47 F.3d 628, 633 (3d Cir. 1995).  Ultimately, "the question is whether the officers' actions are 'objectively reasonable' in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation."  Graham, 490 U.S. at 397.

Plaintiff's allegations are sufficient to permit the claim of excessive force in arrest to proceed as against Defendant Officers Michael Hurlings and John Doe.

C.    <u>Arrest Without Probable Cause</u>

The Fourth Amendment to the federal Constitution provides:

> The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.

U.S. Const. amend IV.

It is well established in the Third Circuit that an arrest without probable cause is a Fourth Amendment violation actionable under § 1983.  See Walmsley v. Philadelphia, 872 F.2d 546 (3d Cir. 1989)(citing cases); see also, Albright v. Oliver, 510 U.S. 266, 274 (1994)(a section 1983 claim for false arrest may be based upon an individual's Fourth Amendment right to be free from unreasonable seizures).  Under New Jersey law, false arrest has been defined as "the constraint of the person without legal justification." Ramirez v. United States, 998 F. Supp. 425, 434 (D.N.J. 1998) (quoting Fleming v. United Postal Service, Inc., 604 A.2d 657, 680 (N.J. Law Div. 1992)).

To state a Fourth Amendment claim for false arrest, a plaintiff must allege two elements:  (1) that there was an arrest; and (2) that the arrest was made without probable cause. Dowling v. City of Philadelphia, 855 F.2d 136, 141 (3d Cir. 1988).  To establish the absence of probable cause, a plaintiff must show "that at the time when the defendant put the proceedings in motion the circumstances were such as not to warrant an ordinary prudent individual in believing that an offense had been committed." Lind v. Schmid, 67 N.J. 255, 262 (1975).  "Probable cause . . . requires more than mere suspicion; however, it does not require that the officer have evidence to prove guilt beyond a reasonable doubt." Orsatti v. New Jersey State Police, 71 F.3d 480, 482-83 (3d Cir. 1995).  Rather,

probable cause exists when the facts and circumstances are "sufficient to warrant a prudent man in believing that the defendant had committed or was committing an offense." Gerstein v. Pugh, 420 U.S. 103, 111 (1975) (quoting Beck v. State of Ohio, 379 U.S. 89, 91 (1964)); Sharrar v. Felsing, 128 F.3d 810, 817 (3d Cir. 1997).

Moreover "where the police lack probable cause to make an arrest, the arrestee has a claim under § 1983 for false imprisonment based on a detention pursuant to that arrest." Groman v. Manalapan, 47 F.3d 628, 636 (3d Cir. 1995); Palma v. Atlantic County, 53 F. Supp. 2d 743, 755 (D.N.J. 1999)(citing Groman). Indeed, the U.S. Supreme Court recently noted that, "False arrest and false imprisonment overlap; the former is a species of the latter." Wallace v. Kato, 127 S.Ct. 1091, 1095 (2007).

The allegations of the Complaint are sufficient to permit the false arrest and false imprisonment claims to proceed as against Defendant Officers Michael Hurlings and John Doe.

D.   False Testimony

Plaintiff alleges that Defendant Officer Michael Hurlings, with the aid of Defendant Assistance Prosecutor Leonardo Rinaldi gave false testimony before a Grand Jury panel to secure an indictment against Plaintiff.

Witnesses, including police witnesses, are absolutely immune from civil damages based upon their testimony.  See Briscoe v. LaHue, 460 U.S. 325, 341-46 (1983).[2]  "The penalty for false testimony is ... a potential prosecution for perjury."  Jones v. Cannon, 174 F.3d 1271, 1281 (11th Cir. 1999).  Accordingly, the claim against Defendant Officer Michael Hurlings based upon the possibility of perjury before the Grand Jury must be dismissed with prejudice.

In addition, the claim against the Defendant Assistant Prosecutor Leonardo Rinaldi for "aiding" perjury in Officer Hurlings's grand jury testimony must be dismissed.  First, the vague allegation of "aid" fails to provide fair notice of the grounds upon which Plaintiff's claim rests.  More importantly, "a state prosecuting attorney who act[s] within the scope of his duties in initiating and pursuing a criminal prosecution" is not amenable to suit under § 1983.  Imbler v. Pachtman, 424 U.S. 409, 410 (1976).  Thus, a prosecutor's appearance in court as an advocate in support of an application for a search warrant and the presentation of evidence at such a hearing are protected by absolute immunity.  Burns v. Reed, 500 U.S. 478, 492 (1991).  Similarly, "acts undertaken by a prosecutor in preparing for the

---

[2] To the extent the Complaint could be construed to assert such a claim, this immunity applies to alleged conspiracy claims to present false testimony brought under 42 U.S.C. §§ 1985 and 1986.  Delaney v. Ashcraft, 2006 WL 2265228, *8 (W.D. Ark. 2006) (citing Snelling v. Westoff, 972 F.2d 199, 200 (8th Cir. 1992)).

initiation of judicial proceedings or for trial, and which occur
in the course of his role as an advocate for the State, are
entitled to the protections of absolute immunity." <u>Buckley v.
Fitzsimmons</u>, 509 U.S. 259, 273 (1993).  It appears that any
participation by the assistant prosecutor in the presentation of
evidence to the grand jury would have occurred in the course of
his role as an advocate for the State and would be entitled to
the protections of absolute immunity.

E.   <u>Malicious Prosecution</u>

    Plaintiff's claim for malicious prosecution appears to be
directed at all defendants.

    In order to state a <u>prima facie</u> case for a § 1983 claim of
malicious prosecution pursuant to the Fourth Amendment, a
plaintiff must establish the elements of the common law tort as
it has developed over time, <u>Hilfirty v. Shipman</u>, 91 F.3d 573, 579
(3d Cir. 1996), and that there has been a seizure, <u>Gallo v. City
of Philadelphia</u>, 161 F.3d 217, 222 (3d Cir. 1998); <u>Luthe v. Cape
May</u>, 49 F. Supp.2d 380, 393 (D.N.J. 1999).  Under New Jersey law,
the common law tort elements of a malicious prosecution action
arising out of a criminal prosecution are:  (1) the criminal
action was instituted by the defendant against the plaintiff,
(2) it was actuated by malice, (3) there was an absence of
probable cause for the proceeding, and (4) the criminal
proceeding was terminated favorably to the plaintiff.  <u>Lind v.</u>

Schmid, 67 N.J. 255, 262 (1975).  A plaintiff attempting to state a malicious prosecution claim must also allege that there was "'some deprivation of liberty consistent with the concept of seizure.'"  Gallo, 161 F.3d at 222 (quoting Singer v. Fulton County Sheriff, 63 F.3d 110, 116 (2d Cir. 1995)); see Albright v. Oliver, 510 U.S. 266 (1994).  Ordinarily, the statute of limitations on a malicious prosecution claim begins to run on the date plaintiff receives a favorable termination of the prior criminal proceeding.  Heck v. Humphrey, 512 U.S. 477, 489 (1994).

Here, Plaintiff has failed to allege a favorable termination of the criminal proceedings arising out of the July 6, 2006, arrest.  Accordingly, this claim must be dismissed without prejudice.

F.    Claims Under 42 U.S.C. §§ 1985(3) and 1986

Plaintiff alleges that the defendants conspired under 42 U.S.C. §§ 1985(3) and 1986 to deprive him of his constitutional rights.

To state a claim under § 1985(3), one must allege:

(1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; and (3) an act in furtherance of the conspiracy; (4) whereby a person is either injured in his person or property or deprived of any right or privilege of a citizen of the United States.

United Broth. of Carpenters and Joiners of America, Local 610, AFL-CIO v. Scott, 463 U.S. 825, 829 (1983).  With respect to the

14

second element, the conspiracy must be motivated by "some racial, or perhaps otherwise class-based, invidiously discriminatory animus." Griffin v. Breckenridge, 403 U.S. 88, 102 (1971).

Thus, in order to state a claim under either of these provisions, there must be factual allegations suggesting some racial or otherwise invidiously discriminatory animus behind the alleged conspirators' actions.  See Kush v. Rutledge, 460 U.S. 719, 724-26 (1983).  No such allegations are set forth in the Complaint.

In addition, Plaintiff fails to allege any facts sufficient to set forth a claim of conspiracy.  In 2007, the Supreme Court addressed the question of what a plaintiff must plead in order to state a conspiracy claim under § 1 of the Sherman Act.  See Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1964-66 (2007).  The Court first reviewed historical pleading requirements.

> Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the ... claim is and the grounds upon which it rests."  While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do, see Papasan v. Allain, 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986) (on a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation").  Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

15

Twombly, 127 S.Ct. at 1964-65 (citations and footnote omitted).
The Court then applied these general standards to the Sherman Act
conspiracy claim.

> In applying these general standards to a § 1
> [conspiracy] claim, we hold that stating such a claim
> requires a complaint with enough factual matter (taken
> as true) to suggest that an agreement was made. Asking
> for plausible grounds to infer an agreement does not
> impose a probability requirement at the pleading stage;
> it simply calls for enough fact to raise a reasonable
> expectation that discovery will reveal evidence of
> illegal agreement. And, of course, a well-pleaded
> complaint may proceed even if it strikes a savvy judge
> that actual proof of those facts is improbable, and
> "that a recovery is very remote and unlikely." In
> identifying facts that are suggestive enough to render
> a § 1 conspiracy claim plausible, we have the benefit
> of the prior rulings and considered views of leading
> commentators, already quoted, that lawful parallel
> conduct fails to bespeak unlawful agreement. It makes
> sense to say, therefore, that an allegation of parallel
> conduct and a bare assertion of conspiracy will not
> suffice. Without more, parallel conduct does not
> suggest conspiracy, and a conclusory allegation of
> agreement at some unidentified point does not supply
> facts adequate to show illegality. Hence, when
> allegations of parallel conduct are set out in order to
> make a § 1 claim, they must be placed in a context that
> raises a suggestion of a preceding agreement, not
> merely parallel conduct that could just as well be
> independent action.

> The need at the pleading stage for allegations
> plausibly suggesting (not merely consistent with)
> agreement reflects the threshold requirement of Rule
> 8(a)(2) that the "plain statement" possess enough heft
> to "sho[w] that the pleader is entitled to relief." A
> statement of parallel conduct, even conduct consciously
> undertaken, needs some setting suggesting the agreement
> necessary to make out a § 1 claim; without that further
> circumstance pointing toward a meeting of the minds, an
> account of a defendant's commercial efforts stays in
> neutral territory. An allegation of parallel conduct
> is thus much like a naked assertion of conspiracy in a

16

> § 1 complaint: it gets the complaint close to stating a
> claim, but without some further factual enhancement it
> stops short of the line between possibility and
> plausibility of "entitle[ment] to relief."

Twombly, 127 S.Ct. at 1965-66 (citations and footnotes omitted).

The Court of Appeals for the Third Circuit has held, in the
context of a § 1983 civil rights action, that the Twombly
pleading standard applies outside the § 1 antitrust context in
which it was decided.  See Phillips v. County of Allegheny, 515
F.3d 224, 234 (3d Cir. 2008) ("we decline at this point to read
Twombly so narrowly as to limit its holding on plausibility to
the antitrust context").

> Context matters in notice pleading.  Fair notice under
> Rule 8(a)(2) depends on the type of case -- some
> complaints will require at least some factual
> allegations to make out a "showing that the pleader is
> entitled to relief, in order to give the defendant fair
> notice of what the ... claim is and the grounds upon
> which it rests."  Indeed, taking Twombly and the
> Court's contemporaneous opinion in Erickson v. Pardus,
> 127 S.Ct. 2197 (2007), together, we understand the
> Court to instruct that a situation may arise where, at
> some point, the factual detail in a complaint is so
> undeveloped that it does not provide a defendant the
> type of notice of claim which is contemplated by
> Rule 8.  Put another way, in light of Twombly, Rule
> 8(a)(2) requires a "showing" rather than a blanket
> assertion of an entitlement to relief.  We caution that
> without some factual allegation in the complaint, a
> claimant cannot satisfy the requirement that he or she
> provide not only "fair notice," but also the "grounds"
> on which the claim rests.

Phillips, 515 F.3d at 232 (citations omitted).

Here, Plaintiff's conclusory allegations of "conspiracy"
amount to nothing more than allegations of "parallel conduct," if

that, without any allegations of facts suggesting a preceding meeting of the minds among the alleged conspirators.  For this reason, also, the Complaint fails to state a claim under § 1985(3).  This claim will be dismissed with prejudice.

Section 1986 provides, in pertinent part:

Every person who, having knowledge that any of the wrongs conspired to be done, and mentioned in section 1985 of this title, are about to be committed, and having power to prevent or aid in preventing the commission of the same, neglects or refuses so to do, if such wrongful act be committed, shall be liable to the party injured, or his legal representatives, for all damages caused by such wrongful act, which such person by reasonable diligence could have prevented; and such damages may be recovered in an action on the case; and any number of persons guilty of such wrongful neglect or refusal may be joined as defendants in the action ... .

42 U.S.C. § 1986.

Plaintiff has failed to state a claim under § 1985. Accordingly, he fails to state a § 1986 claim.  See Koorn v. Lacey Twp., 78 Fed. Appx. 199, 208 (3d Cir. 2003) (citing Mian v. Donaldson, Lufkin & Jenrette Sec. Corp., 7 F.3d 1085, 1088 (2d Cir. 1993)); Grimes v. Smith, 776 F.2d 1359, 1363 n.4 (7th Cir. 1985).

Therefore, this claim will be dismissed with prejudice.

G.   Claim for Injunctive Relief

Plaintiff requests unspecified injunctive relief.  The Complaint, however, fails to allege facts tending to show that he faces a real and immediate threat of future injury arising out of

18

the challenged conduct.  See, e.g., City of Los Angeles v. Lyons, 461 U.S. 95 (1983); Brown v. Fauver, 819 F.2d 395, 400 (3d Cir. 1987).  Accordingly, Plaintiff is not entitled to any injunctive relief.

V.  CONCLUSION

For the reasons set forth above, Plaintiff's claims of excessive force in arrest and arrest without probable cause may proceed as against Defendant Officers Michael Hurlings and John Doe.  All other claims will be dismissed.  However, because it is conceivable that Plaintiff may be able to supplement his pleading with facts sufficient to overcome certain deficiencies noted herein, the Court will grant Plaintiff leave to file an amended complaint.[3]  An appropriate order follows.

s/William J. Martini

_____
William J. Martini
United States District Judge

Dated: January 11, 2010

_____

[3] Plaintiff should note that when an amended complaint is filed, the original complaint no longer performs any function in the case and "cannot be utilized to cure defects in the amended [complaint], unless the relevant portion is specifically incorporated in the new [complaint]."  6 Wright, Miller & Kane, Federal Practice and Procedure § 1476 (2d ed. 1990) (footnotes omitted).  An amended complaint may adopt some or all of the allegations in the original complaint, but the identification of the particular allegations to be adopted must be clear and explicit.  Id.  To avoid confusion, the safer course is to file an amended complaint that is complete in itself.  Id.