## UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

| | |
|---|---|
| CHAMBERS OF<br>MARK FALK<br>UNITED STATES MAGISTRATE JUDGE | USPO & COURTHOUSE<br>1 FEDERAL SQ., ROOM 457<br>NEWARK, NJ 07101<br>(973) 645-3110 |

August 29, 2011

**TO ALL PARTIES via CM/ECF**

### LETTER OPINION

Re:   <u>Williams v. Hurlings *et al.*, 08-3377 (WJM) (MF)</u>

Dear Litigants:

Plaintiff Joseph Williams, proceeding <u>pro se</u>, moves the Court for leave to amend the Complaint, and to extend the discovery deadline. <u>See</u> CM/ECF Nos. 41, 52. Defendant Hurlings opposes both requests. <u>See</u> CM/ECF Nos. 46, 53. For the reasons set forth below, Plaintiff's motions are **granted**.

### I.   BACKGROUND

Plaintiff initiated this action on July 7, 2008, against Jeremiah T. Healy, Leonardo Rinaldi, Michael Hurlings, and several unknown officers pursuant to 42. U.S.C. § 1983 for violation of his civil rights. <u>See</u> CM/ECF No. 1. The case arises from an incident on July 6, 2006, in which Defendant Hurlings and an unknown officer of the Jersey City Police Department, pled as Doe defendants, allegedly arrested Plaintiff without probable cause and used excessive force to subdue him. <u>Id.</u> Further causes of action against other Defendants were later dismissed from the complaint by the Honorable William J. Martini, U.S.D.J., on January 11, 2010, pursuant to 28 U.S.C. § 1915(e)(2). <u>See</u> CM/ECF No. 7.

On May 3, 2011, the Court held an in-person conference to discuss several outstanding discovery issues. Plaintiff advised the Court at that time that he wished to amend the complaint to name one of the previously unknown Doe defendants. The Court granted Plaintiff's request to seek leave and extended discovery to July 1, 2011. <u>See</u> CM/ECF No. 36.

Plaintiff filed a purported "motion for leave to amend" on June 1, 2011. <u>See</u> CM/ECF No. 41. The notice of motion was accompanied by certification which states

1

that Plaintiff was unaware of the name of the second officer that arrested him, only identified as "Sgt. Redmond," until he received a copy of a police report filed in connection with his criminal appeal from the New Jersey Public Defender's Office on December 20, 2010. Id. Defendant Hurlings filed an opposition to the motion on July 21, 2011. See CM/ECF No. 46.  He objects principally on the basis that any claims against Sergeant Redmond are time-barred by the two-year statute of limitations applicable to personal injury claims under New Jersey law. Id. He also argues, without more, that Sergeant Redmond would be "unduly prejudiced" by the amendment.

## II. DISCUSSION

### A. Standard of Review

Rule 15(a)(2) permits a party to amend its pleading at any point prior to trial "only with the opposing party's written consent or the court's leave."  Leave should be freely granted "when justice so requires." Id.  This mandate encompasses a broad range of equitable factors. See Arthur v. Maersk, Inc., 434 F.3d 196, 203 (3d Cir. 2006).  A court will consider whether the delay in seeking amendment is undue, motivated by bad faith, prejudicial, or if it would ultimately be futile. Adams v. Gould, Inc., 739 F.2d 858, 864 (3d Cir. 1984).  Absent one of these factors, leave should be "freely given." Foman v. Davis, 371 U.S. 178, 182 (1964).  The decision to grant leave rests in the Court's sound discretion. Zenith Radio Corp. v. Hazeltine Research, Inc., 401 U.S. 321, 331 (1971).

### B. Analysis

At the outset, it bears mention that Plaintiff does not include a copy of the proposed amended complaint with his motion.  Ordinarily a party seeking leave to file an amended complaint must attach a copy so the Court can evaluate the sufficiency of the amendments. L. Civ. R. 7.1(f); see also Lake v. Arnold, 232 F.3d 360, 374 (3d Cir. 2000) ("failure to provide a draft amended complaint would be an adequate basis" to deny leave to amend); Yuhasz v. Poritz, 166 Fed. Appx. 642, 646 (3d Cir. 2006) (applying rule to pro se litigants). Nevertheless, this requirement may be relaxed when doing so is in the interest of justice. See In re Merck & Co., Inc. Sec., Derivative & ERISA Litig., 493 F.3d 393, 398 n.2 (3d Cir. 2007); City of Perth Amboy v. Safeco Ins. Co. of Am., 539 F. Supp. 2d 732, 755 (D.N.J. 2008); U.F.C.W. Local 56 Health and Welfare Fund v. J.D.'s Market, 240 F.R.D. 149, 153 (D.N.J. 2007); In re Donald J. Trump Sec. Litig., 793 F. Supp. 543, 566 n.12 (D.N.J. 1992), aff'd, 7 F.3d 357 (3d Cir. 1993).

It appears that Plaintiff seeks to amend the complaint merely to indicate the name of one of the John Doe officers involved in his arrest.  The Court is mindful that documents submitted by pro se litigants should be afforded "liberal construction." E.g., Erikson v. Pardus, 551 U.S. 89, 94 (2007); Capogrosso v. The Supreme Court of N.J., 588 F.3d 180, 184 n.1 (3d Cir. 2009).   The Court therefore construes Plaintiff's

application simply to identify a Doe Defendant. Provided that Plaintiff's amendment merely seeks to change the name of a preexisting party, a copy of the proposed amended complaint is unnecessary to determine the propriety of Plaintiff's request. See City of Perth Amboy, 539 F. Supp. 2d at 755. The Court now turns to the merits.

### 1. Futility

"Futility" means that the proposed amendments would fail to state a claim upon which relief could be granted. In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1434 (3d Cir. 1997). In other words, the amendment must be able to withstand a motion to dismiss. Jablonski v. Pan American World Airways, Inc., 863 F.2d 289, 292 (3d Cir. 1988) (citing Massarsky v. Gen. Motors Corp., 706 F.2d 111, 125 (3d Cir. 1983)). However, given the liberal standard for amending the pleadings, "courts place a heavy burden on opponents who wish to declare a proposed amendment futile." See Pharm. Sales & Consulting Corp. v. J.W.S. Delavau Co., 106 F. Supp. 2d 761, 764 (D.N.J. 2000). Thus, the proposed amendment must be plainly frivolous or advance a claim that is insufficient on its face. See 6 Charles Alan Wright et al., Federal Practice and Procedure § 1468 (2010 ed.). An amendment that seeks to add a claim that is clearly beyond the applicable statute of limitations can be plainly frivolous. See Cowell v. Palmer Twp., 263 F.3d 286, 296 (3d Cir. 2001); Jablonski, 863 F.2d at 292.

Defendant correctly notes that claims brought pursuant to § 1983 are subject to the limitations period for personal injury torts in the state in which the claim accrued. See Wallace v. Kato, 549 U.S. 384, 387 (2007); Cito v. Bridgewater Twp. Police Dep't, 892 F.2d 23, 25 (3d Cir. 1989). Actions for personal injury in New Jersey are governed by a two-year statute of limitations. N.J.S.A. 2A:14-2. Defendant does not, however, address the possibility of relation back. See Fed. R. Civ. P. 15(c).

The Federal Rules of Civil Procedure provide that an amendment made after the limitations period has expired will "relate back" to the date the pleading was initially filed under certain circumstances. Under Rule 15(c)(1), an amendment will relate back when permitted under the law that provides the applicable statute of limitations. Pursuant to New Jersey law, the two-year statute of limitations for personal injury actions may be tolled by operation of the fictitious party rule. See DeRienzo v. Harvard Indus., Inc., 357 F.3d 348, 353 (3d Cir. 2004); see also Greczyn v. Colgate-Palmolive, 183 N.J. 5, 17 n.3 (2005) (describing rule's effect on limitations period). The rule states in relevant part:

> [I]f the defendant's true name is unknown to the plaintiff, process may issue against the defendant under a fictitious name, stating it to be fictitious and adding an appropriate description sufficient for identification. Plaintiff shall on motion, prior to judgment, amend his complaint to state defendant's true name....

3

N.J.R. 4:26-4.  To properly invoke the rule, (a) plaintiff must exercise "due diligence" to ascertain the party's true name; (b) the fictitious name pled in the complaint must be accompanied by a description sufficient to identify the party; and (c) the rule's application cannot prejudice the newly-named party. DeRienzo, 357 F.3d at 353-54 (collecting and summarizing New Jersey case law).

        a.      Due Diligence

A plaintiff may avail themselves of the fictitious party rule if a defendant's true identity is "unknown" at the time of filing. N.J.R. 4:26-4; Mears v. Sandoz Pharm., Inc., 300 N.J. Super. 622, 631-32 (App. Div. 1997).  A corollary to this prerequisite is that a plaintiff may not utilize the rule if the unknown party's true identity was ascertainable through due diligence. See Farrell v. Votator Div. of Chemetron Corp., 62 N.J. 111, 115 (1973); Claypotch v. Heller, Inc., 360 N.J. Super. 472, 479-80 (App. Div. 2003) (citations omitted).  To fulfill this obligation, a plaintiff must "investigate all potentially responsible parties in a timely manner." Matynska v. Fried, 175 N.J. 51, 53 (2002) (per curiam).  In other words, a plaintiff that "consistently took active steps to identify the [unknown party]" will satisfy the diligence threshold. DeRienzo 357 F.3d at 355.  On the other hand, diligence will be lacking where the party's true identity could have been obtained through basic inquiry or routine discovery. See Matynska, 175 N.J. at 53; Mears, 300 N.J. Super. at 631; Cardona v. Data Sys. Comp. Ctr., 261 N.J. Super. 232 (App. Div. 1992).

At the time the original complaint was filed, Plaintiff was an inmate at a prison in West Trenton, New Jersey (Compl. ¶ 2).  In fact, it appears that Plaintiff has been incarcerated since his arrest on July 6, 2006. See State v. Williams, No. A-1745-09T4, 2011 WL 2416734 (N.J. App. Div. June 17, 2011) (affirming guilty plea).  On June 7, 2010, Plaintiff advised the Court that he intended to amend the Complaint, but would be unable to do so until he received a copy of the underlying police report from Defendant's counsel.  A scheduling order was entered by the Court on July 16, 2010, that provided for several months of discovery. See CM/ECF No. 20.  Plaintiff thereafter sought a copy of the police report from his adversary. See CM/ECF No. 22.  Defendant's counsel claims that a copy was mailed to the prison in which Plaintiff was then incarcerated. See CM/ECF No. 27.  Plaintiff, however, never received a copy and sought Court intervention on December 9, 2010.  During the interim, Plaintiff also issued a variety of document requests to the Public Defender's Office.  On December 20, 2010, the Public Defender's Office provided Plaintiff with a copy of the State's brief filed in connection with his criminal appeal that attached a copy of the police report. See CM/ECF No. 41.  Plaintiff was finally released from prison in early 2011. See CM/ECF No. 31.

Under the circumstances of this case and primarily due to Plaintiff's incarceration, the Court is satisfied that Plaintiff has marginally met the diligence requirement.  To be sure, there was a considerable lapse of time from the date of Plaintiff's arrest to the date he finally received a copy of the police report. However, it is unclear at what point prior

4

to filing this action Plaintiff determined to pursue a civil rights suit. Plaintiff would have no interest in obtaining the identity of the second officer unless and until he decided to institute a civil action against them. Moreover, Plaintiff was incarcerated throughout this time and would likely be unable to obtain the true identity the officer until the commencement of Court-ordered discovery. See Singletary v. Pa. Dep't of Corrections, 266 F.3d 186, 190 (3d Cir. 2001) ("[A] person who was subjected to excessive force by police officers . . . would likely need discovery to determine the names of his attackers, although he cannot get discovery until he files his § 1983 complaint."). Since discovery was opened in this case, Plaintiff has pursued multiple avenues and made a series of requests to obtain the police report from his July 6, 2006, arrest. While it is conceivable that Plaintiff might have done more to learn the true identity of Sergeant Redmond prior to the initiation of discovery, the diligence requirement does not demand a perfect investigation. See DeRienzo, 357 F.3d at 356.

        b.      Sufficient Description

In order to benefit from the fictitious party rule, the pleading containing an unknown party must contain "appropriate description sufficient for identification." N.J.R. 4:26-4. The description cannot be limitless. See Rutkowski v. Liberty Mut. Ins. Co., 209 N.J. Super. 140 (App. Div. 1986) (designating unknown parties as those "otherwise responsible"). Rather, the description must provide at least enough detail to form a basis for the unknown party's responsibility in the underlying transaction, Marion v. Borough of Manasquan, 231 N.J. Super. 320 , 334 (App. Div. 1989), and indicate in general terms the cause of action against them, Vivianno v. CBS, Inc., 101 N.J. 538, 555 (1986). One court went so far as to require that a complaint in a civil rights action identify "the specific positions of the respective Officers . . . and their specific acts." Cruz v. City of Camden, 898 F. Supp. 1100, 1109 (D.N.J. 1995).

The specificity requirement is also met. In his original complaint, Plaintiff captioned "Officer John Doe" as a party to the action. The official affiliation of the unknown officer is listed as "Jersey City Police Department" (Compl. ¶ 4(d)-(e)). Plaintiff alleges that Defendant Hurlings "and Officer John Doe" together slammed him against a wall, arrested him without probable cause, and unlawfully searched and seized his person and property (Id. ¶ 5(a)-(b)). The body of the complaint asserts a cause of action under § 1983 for excessive force and arrest without probable cause as against each (Id. ¶ 6). Short of providing the name of the second officer, Plaintiff "set forth . . . all the information he was then able to obtain." Farrell, 62 N.J. at 120. This is sufficient to identify the party.

      **2.**      **Prejudice**

Finally, Defendant argues that "Sgt. Redmond would be unduly prejudiced" because "it has been five years since Plaintiff's arrest." It is unclear whether Defendant

is referring prejudice as it relates to the fictitious party rule under state law or the general amendment standard under federal law.  Because both inquiries largely overlap with one another, the Court will address both in tandem.

In the Third Circuit, prejudice to the non-moving party is considered to be the "touchstone" for denying a motion that seeks to amend a pleading. Cornell & Co. v. Occupational Safety & Health Review Comm'n, 573 F.2d 820, 823-24 (3d Cir. 1978) (citing Zenith Radio, 401 U.S. at 330-31).  In evaluating the extent of prejudice, courts focus on the hardship to the non-moving party if amendment were permitted. Adams, 739 F.2d at 868.  The non-moving party bears the burden of showing that it was "unfairly disadvantage or deprived of an opportunity to present evidence." Heyl & Patterson Int'l, Inc. v. F.D. Rich Housing of Virgin Is., Inc., 663 F.2d 419, 426 (3d Cir. 1981)); see also Kiser v. General Elec. Corp., 831 F.2d 423, 428 (3d Cir. 1987) (noting burden is on party opposing amendment).

The newly-named party may also suffer prejudice by operation of the fictitious designation. See Farrell, 62 N.J. at 122.  A newly-named party no doubt suffers some prejudice by being exposed to potential liability. Johnston v. Muhlenberg Reg'l Med. Ctr., 326 N.J. Super. 203, 207 (App. Div. 1999).  Instead, New Jersey courts focus on the loss of evidence/witnesses and impairment of the ability to defend. See Farrell, 62 N.J. at 122; Mears, 300 N.J. Super. at 632.  A party does not suffer prejudice because the rule forecloses its ability to assert a statute of limitations defense. Jordan v. Tapper, 143 F.R.D. 575, 581 (D.N.J. 1992) (citing Farrell, 62 N.J. at 122).

Prejudice does not pose an obstacle in this case.  To begin, Defendant's bare assertion that five years have elapsed since Plaintiff's arrest is insufficient to establish prejudice. See Davis v. Egbert, No. 07-2135, 2010 WL 99113, at * 4 (D.N.J. Jan. 6, 2010) (prejudice cannot be established for fictitious party practice without reference to underlying facts (citing DeRienzo, 357 F.3d at 356)).  There is no suggestion that evidence has been lost, witnesses are unavailable, or that memories have faded.  The addition of Sergeant Redmond may require some further discovery.  However, "the need for additional discovery does not conclusively establish prejudice." Dole v. Arco Chem. Co., 921 F.2d 484, 488 (3d Cir. 1990) (citing Butcher & Singer v. Kellam, 105 F.R.D. 450, 452-53 (D. Del. 1984)). This is particularly true where, as here, the parties are still engaged in discovery. See Bechtel v. Robinson, 886 F.2d 644, 652 (3d Cir. 1989).  Although discovery was scheduled to close on July 1, 2011, discovery is still active in this case.  In fact, Plaintiff filed a discovery motion as recently as July 22, 2011, and moved for a discovery extension on August 8, 2011. See CM/ECF Nos. 49, 52.  Further, the new discovery required from Officer Redmond will be minimal.  The claims against him arise from the same transaction as those against Defendant Hurlings. See Coventry v. U.S. Steel Corp., 856 F.2d 514, 519 (3d Cir. 1988).  There is no indication that the addition of Redmond would "seriously impair" the ability of Defendants to present its case at this stage in discovery. Dole, 921 F.2d at 488.

Finally, Redmond should have been aware since the outset of the lawsuit that he would be brought into the case because Hurlings and his employer Jersey City Police Department, which was initially a party to this action, were named in the original complaint. See Schiavone v. Fortune, 477 U.S. 21, 29 (1986) ("Timely filing . . . within the limitations period to the party named in the complaint, permit[s] imputation of notice to a subsequently named and sufficiently related party."); see also Joyce v. City of Sea Isle City, No. 04-5345, 2008 WL 906266, at *10 (D.N.J. Mar. 31, 2008) (imputing notice on unknown police officer because partner involved in arrest was named in initial complaint). Indeed, unfair prejudice and notice are interrelated issues. See Singletary, 266 F.3d at 194 n.3.

### III. CONCLUSION

For the reasons stated above, Plaintiff's motion for leave to amend is **granted**. An amended pleading shall be filed with the Court within **ten (10)** from the date of this Opinion. In light of this amendment, Plaintiff's motion for an extension of the discovery deadline is **granted**. Discovery is extended until **October 15, 2011**. Any dispositive motions should be filed by **December 1, 2011**.

      SO ORDERED.

      /s/ Mark Falk
      **MARK FALK**
      **United States Magistrate Judge**