## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| **JOSEPH WILLIAMS,** | **Civil No. 08-3377** |
| **Plaintiff,** | **OPINION** |
| **v.** | **HON. WILLIAM J. MARTINI** |
| **JEREMIAH T. HEALY, et al.** | |
| **Defendants.** | |

**WILLIAM J. MARTINI, U.S.D.J.:**

Presently before the Court is Defendant Michael Hurlings's motion for summary judgment.[1]  *Pro se* Plaintiff Joseph Williams opposes the motion.  For the reasons that follow, Defendant's motion will be **GRANTED**.

## I.    FACTUAL AND PROCEDURAL BACKGROUND

This matter stems from Plaintiff's July 6, 2006 arrest.[2]  Plaintiff alleges that on that date, Jersey City Police Officer/Defendant Michael Hurlings, along with another John

---

[1]    The Court's November 21, 2011 Letter Order gave Plaintiff the opportunity to amend his pleadings in a limited manner by December 1, 2011, and extended discovery based on the presumption that such a pleading would be filed.  (ECF No. 60.)  Plaintiff did not amend his Complaint.  Accordingly, the Court sees no reason to further delay ruling on Defendant's motion.

[2]    By way of its January 11, 2010 Opinion and Order, the Court dismissed all claims in Plaintiff's Complaint except his 42 U.S.C. § 1983 claims against Defendant Hurlings for excessive force in arrest and arrest without probable cause.  (ECF Nos. 7 and 8, respectively.)

Doe officer,[3] "slam[med him] against the wall of his building, twisted [his] arm behind his back," placed him in handcuffs, and then arrested him without probable cause. (Compl. ¶ 5, ECF No. 1.)  Presently, Officer Hurlings moves for summary judgment on Plaintiff's 42 U.S.C. § 1983 claims of arrest without probable cause (also referred to as "false arrest") and excessive force in arrest.  In support of this motion, Hurlings has provided a copy of the police report of the arrest, which he prepared.[4]  (Hurlings's Police Report, Ex. A, ECF No. 37.)

In the report, Hurlings explains that a reliable confidential informant ("CI") told him that a 6'3" fifty-year-old, 225-pound, white male named "Joey" was dealing heroin out of his home at 448 Central Avenue in Jersey City.  (*Id*.)  The CI further told Hurlings that "Joey" would return home with heroin at approximately 1:00 p.m. on July 6, accompanied by his nineteen-year-old daughter.  (*Id*.)  Based on this information, Hurlings set up surveillance of the Central Avenue property.  (*Id*.)  At 2:00 p.m., Officer Hurlings saw two individuals matching the CI's descriptions walk directly to the Central Avenue property's entrance.  (*Id*.)  Shortly before arriving at the entrance, the man who turned out to be Mr. Williams, pulled keys out of his right pocket.  (*Id*.)

---

[3]     The police report of the arrest indicates that the other arresting officer was a "Sgt. Redmond."  Plaintiff, however, failed to amend his pleadings to name Sgt. Redmond as a Defendant in the litigation.

[4]     Because Plaintiff has failed to oppose the narrative facts of Officer Hurlings's report, the Court will assume that the police report, as drafted, is an accurate representation of the events as they occurred.  *See, e.g. Reed v. Straniero*, 2009 WL 3230861, at *9  (D.N.J. Oct. 1, 2009).

At that point, Officer Hurlings and the John Doe Officer[5] exited their vehicle, identified themselves as police officers, and approached Mr. Williams and his daughter to further investigate.  (*Id*.)  Mr. Williams then pushed Officer Hurlings in the chest and ran toward the entrance of 448 Central Avenue.  (*Id*.)  The officers "grabbed Williams before he could enter the house, advised him that he was under arrest, and repeatedly ordered him to place his hands behind his back."  (*Id*.)  Although he resisted, the officers were able to handcuff Mr. Williams.  (*Id*.)  Thereafter, they searched him and found 70 glassine bags of heroin inside the waistband of his pants.  (*Id*.)  He was charged with resisting arrest, drug possession and distribution,[6] and conspiracy.  (*Id*.)  His daughter was also arrested.  (*Id*.)

Plaintiff does not challenge the facts set forth by Officer Hurlings in his police report, nor does he provide evidence suggesting Officer Hurlings lacked probable cause to arrest him or that the force used to arrest him was excessive.  Nonetheless, he asserts that summary judgment should be denied because "[t]he conduct alleged by Plaintiff[] . . . approaches behavior that goes 'beyond all possible bounds of decency, [namely,] the assault that subsequently led to the unlawful arrest of the Plaintiff and his Daughter . . . ." (Pl.'s Letter Opp. to Summ. J. Mot. 2, ECF No. 48.)

---

[5]      At this point in the report, Officer Hurlings's narrative switches from first-person singular to first-person plural.

[6]      Specifically, manufacturing, distributing or dispensing a controlled dangerous substance ("CDS"), N.J.S.A. § 2C:35-5, within 1000 feet of school property, § 2C:35-7, as well as CDS possession, N.J.S.A. § 2C:35-10.

## II.    LEGAL ANALYSIS

### a.    Standard of Review

Summary judgment is appropriate if "there is no genuine issue as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine issue of material fact exists if, based on the evidentiary record before the Court, a reasonable jury could find for Plaintiff, the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To prevail on his summary judgment motion, Defendant Hurlings has the initial burden of establishing that no genuine issue exists. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 330 (1986). Defendant can do this by presenting evidence that negates essential elements of Plaintiff's claims. *Id.* at 331. If Defendant satisfies his initial burden, the Court will grant summary judgment unless Plaintiff points to "facts of record which would contradict the facts identified by the movant [which support summary judgment]." *Port Auth. of N.Y. and N.J. v. Affiliated FM Ins. Co.*, 311 F.3d 226, 233 (3d Cir. 2003). Plaintiff's allegations alone will not defeat summary judgment. *Id.*

Plaintiff's federal causes of action against Officer Hurlings arise under 42 U.S.C. § 1983 ("§ 1983") which prohibits any person acting under color of state law[7] from depriving citizens of rights secured by the Constitution, and provides "an avenue of recovery for the deprivation of [such] rights." *Groman v. Twp. of Manalapan*, 47 F.3d

---

[7]     It is undisputed that Officer Hurlings was "acting under color state law" during the arrest.

628, 633 (3d. Cir. 1995).  Because the Fourth Amendment protects citizens from

"unreasonable searches and seizures" and states that "no Warrants shall issue, but upon

probable cause",  U.S. Const. amend. IV., if Officer Hurlings used excessive force when

arresting Plaintiff, or arrested him without probable cause, he will be liable for those

constitutional violations under § 1983.  *Walmsley v. City of Philadelphia*, 872 F.2d 546,

551 (3d Cir. 1989); *Carswell v. Borough of Homestead*, 381 F.3d 235, 240 (3d Cir. 2004).

However, if Defendant Hurlings points to evidence on the record demonstrating

that no constitutional violations occurred in the course of Plaintiff's arrest, Defendant will

negate essential elements of Plaintiff's § 1983 claims and will satisfy his initial summary

judgment burden.  Thereafter, for those claims to survive summary judgment, Plaintiff

must go beyond the allegations in his complaint and identify facts in the record

demonstrating that Officer Hurlings's conduct during the July 6 arrest violated his Fourth

Amendment rights.  *See, e.g., Reed v. Straniero*, 2009 WL 3230861, at *9 (D.N.J. Oct. 1,

2009) (excessive force claim dismissed on summary judgment where plaintiff failed to

identify facts on the record contradicting the narrative in the police report suggesting the

force used by officers was reasonable under the circumstances).

**b.**    **The Undisputed Facts Demonstrate that Officer Hurlings had Probable Cause to Arrest Plaintiff on July 6, 2006**

A *prima facie* false arrest claim requires Plaintiff to prove (1) he was arrested (2)

without probable cause.  *Dowling v. City of Philadelphia*, 855 F.2d 136, 141 (3d Cir.

1988).  Thus, if based on the undisputed facts in this matter, the Court finds that Officer

Hurlings had probable cause[8] to arrest Plaintiff on July 6, summary judgment dismissing

Plaintiff's false arrest claim will be proper because there is no *prima facie* constitutional

violation. *Wright v. City of Philadelphia*, 409 F.3d 595, 601 (3d Cir. 2005) (a warrantless

arrest by a police officer does not violate the Fourth Amendment if the officer had

probable cause to believe that a criminal offense was being committed).

In determining whether Officer Hurlings had probable cause, the Court takes a

"common sense approach" based on "the totality of the circumstances." *Paff v.

Kaltenbach*, 204 F.3d 425, 436 (3d Cir. 2000) (citations omitted).  The Court will find

probable cause if, "at the moment the arrest was made . . . the facts and circumstances

within [Officer Hurlings's] knowledge and of which [he] had reasonably trustworthy

information were sufficient to warrant a prudent man in believing that the [arrestee] had

committed or was committing an offense." *Beck v. Ohio*, 379 U.S. 89, 91 (1964);

*Edwards v. City of Philadelphia*, 860 F.2d 568, 571 n.2 (3d Cir. 1988).

It is undisputed that Officer Hurlings arrested Plaintiff for, among other things,

resisting arrest[9] and heroin possession[10] on July 6, 2006.  Based on the facts and

---

[8]       In making this determination, the Court looks to New Jersey law, the state where
the arrest took place, *United States v. Myers*, 308 F.3d 251, 255 (3d Cir. 2002), and examines the
elements of the crimes that gave rise to the arrest.  *Wright v. City of Philadelphia*, 409 F.3d 595
at 602 (3d Cir. 1989).  New Jersey follows the common law of arrest, which makes permissible
an arrest with or without a warrant when an officer has "probable cause to believe that a crime
has been or is being committed and that the person to be arrested has committed or is committing
it." *State v. Fariello*, 71 N.J. 552, 568 (1976).

[9]       Resisting arrest with physical force is a third degree crime. N.J.S.A. § 2C:29-2.  In
New Jersey, persons convicted of first, second, third and fourth degree crimes are subject to at

circumstances within his knowledge at 2:00 p.m. on that date, Officer Hurlings had probable cause to arrest Plaintiff for those crimes.  First, Officer Hurlings had information from a reliable CI that a physically distinct individual known as "Joey"  was selling heroin out of his residence and would be returning to that property with his daughter at 1:00 p.m. on July 6 with heroin on his person.  Based on that information, Officer Hurlings set up surveillance of that property, and approached two individuals matching the CI's unique physical descriptions – namely, Plaintiff Joseph Williams and his daughter – to further investigate when they appeared ready to re-enter the property. After Officer Hurlings identified himself as a police officer, Plaintiff pushed him and attempted to flee into his house.  Thereafter, Plaintiff was placed under arrest, searched, and heroin was found on his person.

Based on these undisputed facts, the Court concludes that no reasonable jury could find that Officer Hurlings lacked probable cause to arrest Plaintiff.  *See Burbage v. City of Wilmington*, 461 F.Supp.2d 236, 239, 242 (D. Del. 2006) (false arrest claim dismissed on summary judgment because officers had probable cause to arrest where information provided by CI about the time, place, and vehicle that would be used by plaintiff to deliver crack-cocaine "proved reliable as plaintiff did indeed show up at the predicted

least six-months imprisonment.  N.J.S.A. § 2C:1-4.

[10]     Heroin is a controlled dangerous substance, the possession of which is a crime of the first, second or third degree, depending on the quantity involved.  N.J.S.A. § 2C:35-5.  There is no dispute that possession of 70 glassine bags of heroin would subject Plaintiff to arrest and imprisonment.

time and place", and a subsequent frisk of plaintiff by officers resulted in recovery of those drugs); *Harrison v. Christopher*, 489 F.Supp.2d 375, 380 (D. Del. 2007) (false arrest claim dismissed on summary judgment because plaintiff failed to present "evidence to impeach or dispute . . . that the police officers relied on a description provided by a reliable confidential informant."); *see also Furina v. Gonzalez*, 2011 WL 3798719, at *5-6 (D.N.J. Aug. 25, 2011) (finding probable cause to arrest plaintiff where police received information from a CI that they corroborated through surveillance).  In sum, because there is no *prima facie* constitutional violation, Defendant's motion for summary judgment seeking dismissal of Plaintiff's false arrest claim will be **GRANTED**.

**c.     The Undisputed Facts Show Officer Hurlings Did Not Use Excessive Force During Plaintiff's Arrest**

To prevail on his § 1983 excessive force claim, Plaintiff must show (1) that a "seizure" occurred and (2) that it was objectively unreasonable.  *Gilles v. Davis*, 427 F.3d 197, 207 (3d Cir. 2005).  Thus, if based on the undisputed facts in this matter, the Court finds that Officer Hurlings's use of force was objectively reasonable under the circumstances, summary judgment dismissing Plaintiff's excessive force claim will be proper because there is no *prima facia* constitutional violation.

Determination of whether Officer Hurlings's actions were objectively reasonable "requires careful attention to the facts and circumstances of [this] particular case," including the severity of the Plaintiff's crimes, whether he posed a safety threat to the officers, and whether he actively resisted or attempted to evade arrest.  *Graham v.*

*Connor*, 490 U.S. 386, 396 (1989).  Other factors include the duration of Officer

Hurling's actions and whether they were done to effect Plaintiff's arrest, the possibility

that Plaintiff was armed, the number of persons with whom the police officers had to

contend with during the arrest, and the severity of any injuries sustained during arrest.

*Thomas v. City of Erie*, 236 Fed. App'x. 772, 776 (3d Cir. 2007); *Sharrar v. Felsing*, 128

F.3d 810, 822 (3d Cir. 1997).  The Court is mindful that it must use the perspective of a

reasonable officer on the scene to make this determination and "[n]ot every push or

shove, even if it may later seem unnecessary in the peace of a judge's chambers" is

constitutionally unreasonable.  *Sharar* at 821 (citations omitted).

Prior to his arrest, Plaintiff shoved Officer Hurlings and attempted to flee to his

house.  Thereafter, Officer Hurlings grabbed Plaintiff, and despite resistance, placed him

in handcuffs.  These actions were brief, and done in the course of arresting Plaintiff.

Plaintiff does not allege – nor do the facts suggest – that Officer Hurlings used additional

force against Plaintiff after he was subdued.  Furthermore, Officer Hurlings and the John

Doe officer had to contend with Plaintiff's daughter, who they also arrested.  Finally,

there is no evidence suggesting Plaintiff suffered even a minor injury from his arrest.

On these undisputed facts, no reasonable jury could find that the *de minimis*

actions taken by Officer Hurlings to arrest Plaintiff on July 6 were objectively

unreasonable.  *See Minck v. Alaimo*, 2008 WL 2478388 at *8 (D.N.J. June 18, 2008)

(dismissing excessive force claim on summary judgment where plaintiff failed to offer

9

any factual support of injury or excessive force to sustain his claim, and hospital record confirmed that arrestee went to emergency room but was not admitted for treatment); *Reed* at *9 (D.N.J. Oct. 1, 2009) (determining on summary judgment that force used was not excessive where uncontradicted police report indicated arrestee shoved officer and attempted to flee); *Thomas* at 776 (3d Cir. 2007) (affirming district court's dismissal of excessive force claim because even if police hit arrestee's head against the door when placing him in the police van, there was no evidence it was done intentionally or that arrestee suffered a cognizable injury).  In sum, because the facts do not support a *prima facie* constitutional violation, Defendant's motion for summary judgment dismissing Plaintiff's excessive force claim will be **GRANTED**.[11]

### III.    CONCLUSION

For the reasons stated above, Defendant Hurlings's motion for summary judgment dismissing Plaintiff's claims of excessive force in arrest and arrest without probable cause is **GRANTED**.  An appropriate Order accompanies this Opinion.

s/ William J. Martini_____

**WILLIAM J. MARTINI, U.S.D.J.**

**Date: January 4, 2012**

---

[11]    Because Plaintiff has failed to present facts that make out a constitutional violation, the Court will not address the second qualified immunity-prong: namely, whether those rights were clearly established at the time of Plaintiff's arrest.  *See Bennett v. Murphy*, 274 F.3d 133, 136 (3d Cir. 2002) ("[i]f the plaintiff fails to make out a constitutional violation, the qualified immunity inquiry is at an end.")